**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LISA MYERS, *et al.*,

    Plaintiff,

vs.

STEVEN D. GRIERSON, *et al.*,

    Defendant.

2:14–cv–0023–APG–VCF

**ORDER AND
REPORT & RECOMMENDATION**

This matter involves Plaintiff Lisa Myer's section 1983 action. Before the court is Myers' application to proceed *in forma pauperis* (#1[1]) and complaint (#1-1). For the reasons discussed below, Myers' application to proceed *in forma pauperis* is granted, and her complaint should be dismissed with prejudice.

**BACKGROUND**

Plaintiff Lisa Myers brings this section 1983 action on behalf of herself and minor child, C.G. (Compl. (#1-1) at 3:22). Myers seeks judicial review of various state-court divorce and child-custody proceedings, which occurred between 2001 and 2008. (*Id*. at 3:26, 11:18).

Myers alleges that her ex-husband, who is a Las Vegas Metropolitan Police officer, used his position to "harass" Myers, and "to influence" state-court proceedings and various state officials related to the 2001–2008 child-custody battle. (*Id*. at 3:26–4:16). The essence of Myers' complaint is that Myers never was—and is not now—"mentally instable" as alleged at various points in the underlying state-

---

[1] Parenthetical citations refer to the court's docket.

1

court proceeding. (*See* Compl. (#1-1) at 4:15, 4:26, 5:9, 5:11, 8:16). These allegations, combined with the fact that Myers was not permitted to present evidence, allegedly violated Myers' right to due process. (*Id*. at 7:17–18).

Consequently, on January 6, 2014, Myers filed suit against ten Defendants: (1) Steven Grierson, Court Executive Officer for the Eighth Judicial District Court; (2) Leonard Cash, Assistant Court Administrator for the Eighth Judicial District Court's Family Division; (3) Steven Wolfson, District Attorney, Family Support Division; (4) Robin Titus, former Director and State Court Administrator for the Supreme Court of Nevada; (5) Mike Willden, Director of the Nevada Department of Health and Human Services; (6) Diane Comeaux, Administrator for the Nevada Division of Child and Family Services; (7) Virginia Valentine, former Clark County Manager; (8) Donald Brunette, Clark County Manager; (9) David Rogers, former District Attorney; and (10) Robin Sweet, Director and State Court Administrator for the Supreme Court of Nevada. (*Id*. at 2–3). Myers alleges that Defendants violated, *inter alia*, her First, Fifth, Sixth, and Fourteenth Amendment rights. (*Id*. at 10:3–7).

## DISCUSSION

Myers' filings present two questions: (1) whether Myers may proceed *in forma pauperis* under 28 U.S.C. § 1915(e); (2) whether Myers' complaint states a plausible claim under 42 U.S.C. § 1983.

**I.    Myers may Proceed *in Forma Pauperis***

Myers' application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Myers submitted a financial affidavit (#1). According to the affidavit,

Myers is unemployed and has $100.00 in a savings account. (*Id.*) Myers' application to proceed *in forma pauperis* is, therefore, granted.

## II. Whether Myers' Complaint is Frivolous, Malicious, of Fails to State a Plausible Claim

Because the court grants Myers' application to proceed *in forma pauperis*, it must review Myers' complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Myers' complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Hughes v. Rowe*, 449 U.S. 5 (1980).

### A. *Legal Standards*

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This

inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where an incarcerated *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B.     *Myers' Claims are Implausible*

The court finds that Myers' claims are implausible for three reasons. First, United States District Courts have no jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Second, Myers' complaint is barred by the two-year statute of limitations because the events mentioned in the complaint took place between 2001 and 2008. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (citing Nev. Rev. Stat. 11.190(4)(c), (e)).

Third, Myers' complaint contains no factual allegations that allege wrong doing against the Defendants. As discussed above, the Supreme Court's decisions in *Iqbal* and *Twombly* require complaints to contain, *inter alia*, "sufficient factual matter, accepted as true." *Iqbal*, 556 U.S. at 678. A complaint's legal conclusions, however, are no substitute for "sufficient factual" matter because they are not accepted as true. *See id*. ("[T]he tenant that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. . . [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.")

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that that Plaintiff's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER RECOMMEND that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues

from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED this 13th day of January, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE